# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GARETH SPICER, | Case No.: 2:22-cv-01003-APG-BNW |
| Plaintiff | **Order Granting U.S Bank's and Copart's Motions for Summary Judgment** |
| v. | [ECF Nos. 90, 92] |
| U.S. BANK, et al., | |
| Defendants | |

Plaintiff Gareth Spicer's car was towed to a tow yard after a collision, and he did not claim it. Defendant U.S. Bank, who financed Spicer's purchase of the car, repossessed the car and requested that it be moved to the lot of defendant Copart of Arizona dba Copart. Eight months later, Copart sold the car to a third party at auction at U.S. Bank's request. Spicer sues U.S. Bank and Copart, asserting a slew of claims. U.S. Bank and Copart move for summary judgment in separate motions on all claims. Spicer did not respond. I grant U.S. Bank's and Copart's motions on all of Spicer's claims.

## I. BACKGROUND

Spicer purchased a used 2015 Corvette Stingray under a financing agreement with U.S. Bank which gave U.S. Bank a security interest in the car. ECF No. 92-1 at 6-11. Spicer was to make 75 payments to U.S. Bank, each for $1,050.49. *Id.* at 6. The financing agreement set out several specific situations where U.S. Bank could repossess the car. Relevant here, Spicer was to "not allow any other security interests on [the car] besides the security interest granted to [U.S. Bank]" and that the car could be "repossessed" if Spicer "fail[ed] to perform [his] obligations under [the financing] agreement." ECF No. 92-1, at 8, 9. The financing agreement also allowed U.S. Bank to "take immediate possession of the vehicle" if Spicer "default[ed] in the

performance of [the financing agreement] because … the prospect of payment, performance or realization of [the car] is significantly impaired (the burden of establishing the prospect of significant impairment is on [U.S. Bank]).” *Id.* at 9, 10.  Spicer admitted that the financing agreement permitted U.S. Bank to take immediate possession of the car upon Spicer's default in the performance of the agreement.[1]

On December 8, 2017, Spicer and the car were involved in a single-car accident. ECF No. 90-5 at 3-4.  Upon instructions by the Las Vegas Metropolitan Police Department, the car was towed by a towing company to 57 Storage, a local tow yard. *Id.* at 21; ECF No. 90-1 at 6-7.

Less than two weeks later, 57 Storage sent a letter by certified mail to Spicer at his address in Las Vegas. ECF Nos. 90-8 at 2-3; 90-5 at 8.  The letter stated that the car was unclaimed at 57 Storage's lot, set forth the associated fees for storing the car, and advised that the car would be sold at auction on January 14, 2018 unless the fees were paid. ECF No. 90-8 at 2.  57 Storage sent an identical letter by certified mail to U.S. Bank. ECF No. 90-9 at 2, 3.  Two weeks later, 57 Storage again sent identical letters to Spicer and U.S. Bank through certified mail. ECF Nos. 90-1 at 10, 14; 90-9.  Both letters to Spicer were returned to 57 Storage as "unclaimed, unable to forward." ECF No. 90-8 at 4, 6.  There is no evidence that Spicer ever contacted 57 Storage about the car or paid 57 Storage any of the storage or towing fees.  U.S. Bank paid the storage fees and repossessed the car on January 10, 2018, four days before 57 Storage stated it would auction the car. ECF Nos. 92-1 at 3; 90-9 at 2.  U.S. Bank moved the car to Copart's storage lot. ECF No. 90-1 at 13, 15.  Though both Copart and 57 Storage operate out

---

[1] Spicer did not respond to Copart's requests for admissions within 30 days of being served. *See* ECF Nos. 90-2 at 3; 90-4.  Thus, under Federal Rule of Civil Procedure 36(a)(3), all requests are deemed admitted.  Spicer has not moved to withdraw or amend the admissions, so the matters admitted are "conclusively established" under Rule 36(b).

of the same address, they are separate companies. *Id.* at 5.  Copart runs auctions where it sells cars at its customers' request and has a separate lot from 57 Storage to store such cars until they are ready for auction. *Id.* at 5, 6.

U.S. Bank mailed Spicer a letter on January 18, 2018 stating that it now had possession of the car and that Spicer could redeem the car by paying the full balance owed ($68,129.75) or U.S. Bank would sell it. ECF No. 92-1 at 3, 17, 18.  This letter stated that the car was located at Copart's lot and provided the address. *Id.*  Spicer made his last payment under the financing agreement to U.S. Bank on January 25, 2018. ECF No. 92-1 at 20.  Spicer admitted in his deposition that he knew U.S. Bank had repossessed his car and he stopped making payments to U.S. Bank because of it. ECF No. 92-2 at 18.

To sell the car, Copart needed a repossession affidavit and transferrable title from U.S. Bank, establishing U.S. Bank had sole ownership of the car. ECF No. 90-1 at 16, 34, 35.  U.S. Bank sent the repossession affidavit to Copart four weeks after repossessing the car. ECF Nos. 90-1 at 32-33; 90-10 at 3.  Copart transferred the title from Spicer with U.S. Bank as lienholder to U.S. Bank as sole owner on August 28, 2018. ECF No. 90-1 at 16, 22, 23, 37.  Up until this point, the title for the car had remained in both Spicer's and U.S. Bank's names. *Id.* at 22, 23, 37-38.  Copart then put the car up for auction. *Id.* at 19, 23.  Spicer admitted that at some point he learned that the car was in the process of being sold by Copart. ECF No. 90-5 at 7.  He also admitted that Copart did not make any false representations or otherwise provide false information to him regarding the car. ECF No. 90-2 at 3.  Copart sold the car to a third party on September 20, 2018 and received $176 for administering the sale. ECF No. 90-1 at 19, 24.  The remaining proceeds went to U.S. Bank. *Id.*  On December 3, 2018, U.S. Bank mailed Spicer

correspondence stating he now owed $95,409.90 for the car after the auction proceeds and late fees had been applied to his balance. ECF No. 92-1 at 24.

Spicer sued both Copart and U.S. Bank. ECF No. 1-2. Copart moves for summary judgment on all of Spicer's claims against it. ECF No. 90 at 1. U.S. Bank also moves for summary judgment on all of Spicer's claim against it and joins Copart's motion in full. ECF No. 92 at 1, 5. Copart filed a limited joinder to U.S. Bank's motion. ECF No. 94 at 1. Spicer did not respond to Copart's or U.S. Bank's motions.

**II. DISCUSSION**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

I may not grant a motion for summary judgment simply because the nonmoving party did not file an opposition. *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994).  However, it is not my task to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotation omitted).  Rather, the nonmoving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Id.* (quotation omitted).

**A.  No Reasonable Jury Could Find That U.S. Bank Breached Its Contract With Spicer.**

Spicer alleges that U.S. Bank materially breached the financing agreement when it repossessed the car despite Spicer being current on all his payments.  U.S. Bank argues it is entitled to summary judgment on Spicer's breach of contract claim because (1) it did not breach the agreement, (2) Spicer materially breached the contract first by allowing another security interest on the car, and (3) Spicer did not present evidence that he performed under the financing agreement or suffered damages as a result of U.S. Bank's alleged breach.

Under Nevada law, "to succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Walker v. State Farm Mut. Auto. Ins. Co.*, 259 F. Supp. 3d 1139, 1145 (D. Nev. 2017) (quotation omitted).

Spicer has failed to provide evidence that U.S. Bank materially breached the financing agreement.  He admitted that U.S. Bank was permitted to take immediate possession of the car if he defaulted in the performance of the financing agreement. ECF No. 90-2 at 3.  One of Spicer's obligations under the financing agreement was to not allow another security interest on the car besides U.S. Bank's. ECF No. 92-1 at 8-10.  The undisputed facts show that 57 Storage placed a lien on the car after it was towed to 57 Storage's lot and that Spicer did not attempt to pay the 57

Storage lien to obtain the car. ECF No. 92-1 at 3.  Thus, Spicer breached his obligation, giving U.S. Bank the authority under the financing agreement to repossess the car.  The contract's plain language allowed U.S. Bank to do this even if Spicer was current on his loan payments.  Spicer has not provided evidence to the contrary.  Therefore, no reasonable jury could find that U.S. Bank breached the financing agreement by repossessing the car, and I need not address U.S. Bank's other arguments.  I grant summary judgment to U.S. Bank on Spicer's breach of contract claim.

### B.  U.S. Bank Is Entitled To Summary Judgment On Spicer's Claim Of Breach Of The Implied Covenant of Good Faith And Fair Dealing.

Spicer alleges that U.S. Bank breached the implied covenant of good faith and fair dealing by repossessing the car despite Spicer being current on his payments and by failing to provide all required information regarding the repossession of the car, including not establishing the significant impairment of the car.  U.S. Bank argues that it did not breach the implied covenant because (1) the financing agreement permitted it to repossess the car under the circumstances, (2) it did not deny Spicer's justified expectations under the financing agreement by repossessing the car, (3) this claim is based on the same conduct as Spicer's breach of contract claim, and (4) it was not required to provide Spicer with information that the car was significantly impaired before repossession.

Nevada law implies a covenant of good faith and fair dealing in every contract. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).  A breach of the implied covenant of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Id*.  "To establish a claim for breach of the implied covenants of good faith

and fair dealing, a plaintiff must prove: (1) the existence of a contract between the parties;
(2) that defendant breached its duty of good faith and fair dealing by acting in a manner
unfaithful to the purpose of the contract; and (3) the plaintiff's justified expectations under the
contract were denied." *Shaw v. CitiMortgage, Inc*., 201 F. Supp. 3d 1222, 1251 (D. Nev. 2016).
Such a claim is different from one for breach of contract because it requires literal compliance
with the contract's terms. *See Jimenez v. GEICO Gen. Ins. Co*., 448 F. Supp. 3d 1108, 1113 (D.
Nev. 2020) (quotation omitted); *Kennedy v. Carriage Cemetery Servs., Inc*., 727 F. Supp. 2d
925, 931 (D. Nev. 2010).  "It is well established that a claim alleging breach of the implied
covenants of good faith and fair dealing cannot be based on the same conduct establishing a
separately pled breach of contract claim." *Jimenez*, 448 F. Supp 3d at 1113 (quotation omitted).

Spicer alleges that U.S. Bank breached the implied covenant of good faith and fair
dealing by repossessing the car despite Spicer being current on payments.  He thus
impermissibly bases this claim on the same allegations as his breach of contract claim.  He also
fails to show how U.S. Bank acted in a manner unfaithful to the financing agreement's purpose
by not proving the car was significantly impaired before repossession.  While proving the car
was significantly impaired was one basis for U.S. Bank to repossess the car, it was not the only
means. ECF No. 92-1, at 8-10.  The undisputed evidence shows that U.S. Bank was allowed to
repossess the car if another party obtained a security interest in the car, as 57 Storage did. *Id.*
Thus, U.S. Bank acted faithfully to the financing agreement's text when it repossessed the car
from 57 Storage's tow lot, and doing so did not violate the implied covenant of good faith and
fair dealing.

As both bases for Spicer's implied covenant claim fail, I need not address U.S. Bank's other arguments. I grant summary judgment to U.S. Bank on Spicer's claim for breach of the implied covenant of good faith and fair dealing.

### C. No Reasonable Jury Could Find That U.S. Bank Committed Fraudulent Misrepresentation.

Spicer alleges that U.S. Bank fraudulently misrepresented the amount he owed for the car after U.S. Bank repossessed it. U.S. Bank argues that this fraudulent misrepresentation claim fails because (1) it is time-barred, (2) Spicer fails to establish that U.S. Bank's representation of the amount owed was false, and (3) Spicer did not provide evidence that he relied on U.S. Bank's representation.

Under Nevada law, to establish a fraudulent misrepresentation claim, Spicer must show: (1) U.S. Bank made a false representation with either knowledge or belief that the representation was false or without a sufficient foundation to make the statement, (2) U.S. Bank intended to induce Spicer's reliance, and (3) Spicer was damaged as a result of that reliance. *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). As to the first element, "the suppression or omission of a material fact which a party is bound in good faith to disclose is equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist." *Id.* (quotation omitted).

The undisputed evidence provided by U.S. Bank establishes that Spicer owed $68,129.75 on the car loan on January 17, 2018, and $95,409.90 on December 3, 2018. ECF No. 92-1 at 18, 24. Spicer provides no evidence that either amount is incorrect, so no reasonable jury could find that U.S. Bank incorrectly represented the amount owed. Therefore, I need not address U.S.

1  Bank's other arguments, and I grant U.S. Bank summary judgment on Spicer's fraudulent

2  misrepresentation claim.

3  **D.  There Is No Genuine Dispute That U.S. Bank Did Not Slander Spicer.**

4  Spicer alleges that U.S. Bank made false and defamatory statements to his friends and

5  business associates by telling them Spicer owed U.S. Bank a debt following U.S. Bank's

6  repossession of the car, and that U.S. Bank knew or should have known these statements were

7  false.  U.S. Bank argues that its statements regarding what Spicer owed for the car were not

8  false.

9  Under Nevada law, a claim for slander includes all the elements of defamation and "a

10  showing of special damages unless the defamatory statement is slanderous per se." *Lambey v.*

11  *Nevada ex rel. Dept. of Health and Human Servs.,* No. 2:07-cv-1268-RLH-PAL, 2008 WL

12  2704191, at *5 (D. Nev. Jul. 3, 2008) (quotation omitted) (citing *Branda v. Sanford,* 637 P.2d

13  1223, 1225 (Nev. 1981)).  The elements of a defamation claim require Spicer to prove: (1) U.S.

14  Bank made a false and defamatory statement concerning Spicer; (2) the statement was an

15  unprivileged publication to a third person; (3) fault, amounting to at least negligence; and

16  (4) actual or presumed damages. *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 90 (Nev. 2002).

17  Spicer has not produced evidence to counter U.S. Bank's evidence that it charged him the

18  correct amount of outstanding debt after the auction.  Therefore, there is no genuine dispute that

19  U.S. Bank's statement regarding the amount Spicer owed was true, and I grant U.S. Bank

20  summary judgment on Spicer's slander claim.

21  / / / /

22  / / / /

23  / / / /

**E.  U.S. Bank And Copart Are Entitled To Summary Judgment On Spicer's Conversion Claims.**

Spicer asserts a conversion claim against both U.S. Bank and Copart.  Conversion is "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Blige v. Terry,* 540 P.3d 421, 431 (Nev. 2023) (en banc) (quotation omitted). Conversion is an act of "general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Dynamic Transit Co. v. Trans Pac. Ventures Inc.*, 291 P.3d 114, 118 (Nev. 2012) (quotation omitted).

*1.  No Reasonable Jury Could Find That U.S. Bank Converted Spicer's Car.*

Spicer alleges that U.S. Bank committed conversion by refusing to return the car while he was current on his payments.  U.S. Bank argues that it lawfully repossessed the car, the claim is time-barred, and the economic loss doctrine bars the claim.  The undisputed facts show that U.S. Bank properly repossessed the car after it was towed to 57 Storage, and Spicer has produced no evidence that U.S. Bank wrongfully exerted dominion over the car. ECF No. 92-1 at 2-3, 8-10. Because Spicer has failed to produce a genuine dispute about whether U.S. Bank lawfully repossessed the car, I grant summary judgment to U.S. Bank on Spicer's conversion claim.

*2.  No Reasonable Jury Could Find That Copart Converted Spicer's Car.*

Spicer alleges that Copart committed conversion by refusing to return the car after Copart's alleged deceptive trade practices.  Copart argues that Spicer's conversion claim fails for two reasons.  First, Copart asserts that because it complied with Nevada law in detaining the car, Spicer has not established that Copart exercised dominion over it in derogation or defiance of Spicer's title or rights.  Second, Copart contends that Spicer's conversion claim is time-barred.

10

Because U.S. Bank properly repossessed the car, Copart did not wrongfully store the car in its lot at U.S. Bank's request. I therefore grant summary judgment to Copart on Spicer's conversion claim.

### F. Copart Is Entitled To Summary Judgment On Spicer's Claim That It Committed Deceptive Trade Practices By Violating NRS §§ 108.270, 108.272, 487.260, and 487.270.

Spicer alleges that Copart violated various Nevada laws regarding vehicle storage liens and notice requirements, as well as laws related to selling abandoned or junk vehicles. Specifically, he contends that Copart violated Nevada Revised Statutes (NRS) §§ 108.270 (providing a lien to storers of towed vehicles), 108.272 (notice requirement of lienholders), 487.260 (disposition of junk vehicles), and 487.270 (satisfying a lien on an abandoned vehicle). He alleges that Copart committed deceptive trade practices by failing to notify him about his ability to obtain his car from Copart's lot.

Copart argues that it properly complied with the applicable statutes. Copart also argues that NRS §§ 487.260 and 487.270 do not apply in this situation. Additionally, Copart joins the section of U.S. Bank's motion for summary judgment that argues that "Copart did not have a lien on the [v]ehicle so those NRS statutes [NRS §§ 108.270, 108.272, 487.260, and 487.270] are not applicable" and Copart did not "have any duties thereunder." ECF Nos. 92 at 23; 94 at 5.

NRS § 108.270 generally gives lien rights to tow yards on vehicles that have been properly towed to their lot. NRS § 108.272 outlines the proper notice of the lien that a lienholder under § 108.270 must give to the vehicle's owner. Similarly, NRS § 487.270 gives lien rights on abandoned vehicle to "the owner of the garage or the automobile wrecker or operator of a tow car who towed the vehicle" and establishes how the lienholders can properly satisfy their liens.

1    Finally, NRS § 487.260 sets out the process for disposition of vehicles that have been appraised

2    as junk vehicles and for which the Nevada Department of Public Safety has issued a junk

3    certificate. NRS §§ 487.260(2), 480.010.

4          Spicer has failed to produce evidence showing that Copart had a lien on the car.

5    Therefore, the procedures and requirements of NRS §§ 108.270, 108.272, and 487.270 do not

6    apply to Copart.  The undisputed facts show that after the collision, the car was towed to 57

7    Storage, not Copart.  Copart stored the car at U.S. Bank's request after U.S. Bank repossessed

8    the car and became its owner. ECF No. 90 at 4.  Because the car was towed to 57 Storage after

9    the collision, not Copart, only 57 Storage would owe duties to Spicer under NRS §§ 108.270,

10   108.272, and 487.270.  Spicer has not provided any evidence that Copart owed him duties under

11   those statutes.  NRS § 487.260 similarly does not apply here because Spicer has provided no

12   evidence that his car was appraised as a junk vehicle or that the Nevada Department of Public

13   Safety issued a junk certificate for it.  Therefore, I grant summary judgment to Copart on

14   Spicer's claims that it committed a deceptive trade practice by violating NRS §§ 108.270,

15   108.272, 487.260, and 487.270.

16        **G.  U.S. Bank And Copart Are Entitled To Summary Judgment On Spicer's Claims**

17              **Of Consumer Fraud And Deceptive Trade Practices Under NRS Chapter 598.**

18        Spicer alleges that both U.S. Bank's and Copart's conduct constituted consumer fraud

19   and deceptive trade practices.  A victim of "consumer fraud" may assert a cause of action for

20   deceptive trade practices identified in NRS § 598.0915 to § 598.0925. NRS § 41.600(1), (2)(e).

21   Because Spicer's consumer fraud claims are based entirely on allegations that U.S. Bank's and

22   Copart's actions were deceptive trade practices, I analyze the consumer fraud and deceptive trade

23   practices claims together.

A plaintiff is a victim of consumer fraud if "he or she was directly harmed by consumer fraud." *R.J. Reynolds Tobacco Co. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 514 P.3d 425, 433 (Nev. 2022). NRS Chapter 598 contains 14 sections defining separate sets of deceptive trade practices. *See generally*, NRS §§ 598.0915 through 598.0925. Each of those sections further enumerates categories of conduct, some identifying as many as 16 sub-categories of prohibited acts. *Id.* A few provisions that may be relevant to this case include § 598.092(8), which makes it a deceptive trade practice to "[k]nowingly misrepresent[] the legal rights, obligations or remedies of a party to a transaction," and § 598.092(10), which makes it a deceptive practice to "[r]epossess[] a vehicle from a debtor … before default by the debtor as defined in the form for the contract for the sale of the vehicle . . . ."

### 1. *No Reasonable Jury Could Find That U.S. Bank Violated Any Section of NRS Chapter 598.*

Spicer alleges that U.S. Bank violated NRS Chapter 598 in two ways. First, he alleges U.S. Bank wrongfully repossessed the car prior to him defaulting. This appears to reference NRS § 598.092(10). Second, he alleges U.S. Bank knowingly, willfully, and unlawfully transferred the car to a third party through the auction, violating the financing agreement.

U.S. Bank broadly argues that it was within its legal rights under the financing agreement to repossess the car, so its actions did not violate any provision of NRS Chapter 598. It also argues it did not violate NRS § 598.092(10) specifically because it repossessed the car only after the car was towed to 57 Storage and 57 Storage placed a lien on it, constituting default under the financing agreement.

As discussed above, the undisputed evidence shows that U.S. Bank lawfully repossessed the car after Spicer breached the financing agreement when 57 Storage placed a lien on it. ECF

No. 92-1 at 2-3, 8-10.  Repossession of a vehicle constitutes a deceptive trade practice under NRS § 598.092(10) only if it is done before the vehicle owner defaults.  Spicer has not provided evidence that U.S. Bank repossessed the car before he defaulted.  Therefore, I grant summary judgment to U.S. Bank on Spicer's claim that it committed a deceptive trade practice under NRS § 598.092(10).

As for Spicer's allegation that U.S. Bank committed a deceptive trade practice by selling the car, the undisputed evidence shows that U.S. Bank requested Copart auction the car after giving Spicer about eight months to pay the balance he owed on the car, which he did not. ECF No. 92-1 at 3.  U.S. Bank provided all necessary documentation to Copart to sell the car, and Copart transferred the title from Spicer with U.S. Bank as lienholder to U.S. Bank as sole owner of the car. ECF No. 90-1 at 34, 35, 37.  At that point, Copart was able to lawfully sell the car at auction. *Id.* at 34, 35.  Because no genuine dispute remains about whether U.S. Bank lawfully transferred the car through the auction, I grant summary judgment to U.S. Bank on Spicer's claims of deceptive trade practices and consumer fraud.

2. *No Reasonable Jury Could Find That Copart Violated Any Section of NRS Chapter 598.*

Spicer alleges in his deceptive trade practices claim that Copart violated NRS § 598.092 by failing to give him notice about his ability to obtain his car.  In his consumer fraud claim, he alleges that Copart violated NRS Chapter 598 by knowingly, willfully, and unlawfully misrepresenting his legal rights, obligations, and remedies.  Spicer does not specify in his consumer fraud claim which sections of NRS Chapter 598 Copart violated, nor does his deceptive trade practices claim identify which of the sub-categories of NRS § 598.092 Copart

1  violated.  But his mention of misrepresentation of his legal rights, obligations, and remedies

2  appears to reference NRS § 598.092(8).

3       Copart broadly argues that Spicer has not provided sufficient evidence to prove the

4  alleged misconduct constituting a deceptive trade practice.  Copart, making its best guess as to

5  the subsection it is accused of violating, also specifically argues that it did not violate NRS

6  § 598.092(8) because it did not misrepresent anything to Spicer nor did it violate NRS

7  § 598.092(10) because it did not repossess the car.

8       Because Spicer did not respond to Copart's request for admissions, he admitted that

9  Copart did not make any false representations or otherwise provide false information to him

10  related to the car. ECF No. 90-2 at 3.  Copart also did not omit a material fact it was bound to

11  disclose because, as discussed above, it had no lien on the car.  Copart thus had no duty under

12  NRS § 108.272 to inform Spicer it was storing the car after U.S. Bank lawfully repossessed the

13  car and moved it to Copart's lot.  Therefore, I grant summary judgment to Copart on Spicer's

14  claim that Copart violated NRS § 598.092(8).

15       Spicer also has not presented evidence that Copart violated NRS § 598.092(10), which

16  makes repossessing a vehicle before the owner defaults a deceptive trade practice.  Spicer has

17  provided no evidence that Copart repossessed the car.  The undisputed evidence shows the only

18  party that repossessed the car was U.S. Bank, and in any event, U.S. Bank lawfully repossessed

19  it. ECF No. 92-1, at 3, 8-10.  Therefore, I grant summary judgment to Copart on Spicer's claim

20  that it violated NRS § 598.092(10).

21       For all other possible violations of NRS § 598.0915-.0925, the undisputed facts show that

22  Copart properly stored and auctioned the car after receiving the necessary documentation from

23  U.S. Bank.  No reasonable jury could find that Copart's actions constitute consumer fraud or a

deceptive trade practice.  Therefore, I grant Copart's motion for summary judgment on Spicer's consumer fraud and deceptive trade practices claims.

### H.  U.S. Bank And Copart Are Entitled To Summary Judgment On Spicer's Unjust Enrichment Claims.

Spicer asserts an unjust enrichment claim against both U.S. Bank and Copart.  Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992) (quotation omitted).  The claim's essential elements are that a plaintiff "confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *UnitedHealthCare Ins. Co. v. Fremont Emergency Servs. (Mandavia), Ltd.,* 570 P.3d 107, 121 (Nev. 2025) (en banc) (quotation omitted).

#### 1.  There Is No Genuine Dispute That U.S. Bank Was Not Unjustly Enriched.

Spicer alleges that U.S. Bank was unjustly enriched by repossessing his car through deceptive trade practices while Spicer was current on his payments.  U.S. Bank argues that it was within its legal rights to repossess the car and Spicer cannot prove the elements of the claim.

As established above, the undisputed evidence shows that U.S. Bank properly repossessed the car, so no reasonable jury could find that it was inequitable for U.S. Bank to retain the proceeds from the auction. ECF No. 92 at 4-5.  Therefore, I grant summary judgment to U.S. Bank on Spicer's claim of unjust enrichment.

/ / / /

/ / / /

*2.   There Is No Genuine Dispute That Copart Was Not Unjustly Enriched.*

Spicer alleges that Copart unjustly retained the car, causing him to suffer economic loss. Copart argues that Spicer did not provide sufficient evidence to establish any element of his unjust enrichment claim.

Here, even assuming that Spicer conferred a benefit (the car) on Copart, Spicer has not provided any evidence that allowing Copart to retain the $176 from the car's sale is inequitable. Copart received the $176 per the terms of its agreement with U.S. Bank, who at the time of the auction had sole title of the car and had provided Copart the necessary documentation proving that. ECF Nos. 90-1 at 16, 22, 23, 32, 37; 90-10 at 3. All Spicer has given is a conclusory statements in his amended complaint that Copart "unjustly retained" the car and such retention was "against the fundamental principles of justice or equity and good conscience." ECF No. 15 at 19. That is insufficient to raise a genuine dispute for trial. I therefore grant summary judgment to Copart on Spicer's unjust enrichment claim.

**I.   No Reasonable Jury Could Rule For Spicer On His Civil Conspiracy And Concert Of Action Claims Against U.S. Bank And Copart.**

Spicer brings civil conspiracy and concert of action claims alleging that U.S. Bank and Copart agreed or acted in concert to (1) damage Spicer, (2) deprive him from retrieving the car from Copart's lot, (3) breach the implied covenant of good faith and fair dealing that U.S. Bank owed Spicer, and (4) breach Copart's duties under NRS §§ 108.270, § 108.272, § 487.260, and § 487.270. Copart and U.S. Bank argue that Spicer has no evidence to establish a conspiracy or concert of action between them. U.S. Bank argues that Spicer failed to establish that it and Copart entered into an agreement or unlawfully deprived Spicer of the car.

"Actionable civil conspiracy arises where two or more persons undertake some concerted action with the intent to accomplish an unlawful objective for the purpose of harming another, and damage results." *Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 335 P.3d 190, 198 (Nev. 2014) (en banc) (quotation omitted). "To prevail in a civil conspiracy action, a plaintiff must prove an agreement between the tortfeasors, whether explicit or tacit." *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998), *overruled on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). If the plaintiff presents no evidence of an agreement among the defendants, summary judgment in the defendants' favor is warranted. *See Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998).

Concert of action, though resembling civil conspiracy, is a separate tort and has traditionally been quite narrow in the scope of its application. *See Dow Chem. Co.,* 970 P.2d at 111-12 (1998). But like civil conspiracy, concert of action also requires an agreement, either explicit or tacit. *Id.* at 112.

Spicer has not provided any evidence of an agreement, explicit or tacit, between Copart and U.S. Bank to deprive him of the car aside from the conclusory allegations in his amended complaint. He thus does not raise a genuine dispute of material fact for these claims. His conspiracy claim fails for the additional reason that he has not provided evidence that U.S. Bank and Copart intended to accomplish an unlawful objective by repossessing and auctioning the car. I therefore grant summary judgment to U.S. Bank and Copart on Spicer's civil conspiracy and concert of action claims.

/ / / /

/ / / /

/ / / /

### J.   U.S. Bank And Copart Are Entitled To Summary Judgment On Spicer's Aiding And Abetting Claims.

Spicer alleges that U.S. Bank aided and abetted Copart's breach of Copart's duties under NRS §§ 108.270, 108.272, 487.260, and 487.270.  Additionally, he alleges that Copart aided and abetted U.S. Bank in breaching the implied covenant of good faith and fair dealing.  U.S. Bank argues that (1) Spicer failed to provide evidence that it substantially assisted or encouraged Copart in any breach of duty to Spicer and (2) that Copart did not owe Spicer any duties under those statutory sections.  Copart argues that Spicer has no evidence that it aided and abetted U.S. Bank in any breach of duty that U.S. Bank owed Spicer.

To establish aiding and abetting in the civil context, a plaintiff must show (1) the primary violator breached a duty that injured the plaintiff, (2) the alleged aider and abettor "was aware of its role in promoting [the breach] at the time it provided assistance," and (3) the alleged aider and abettor "knowingly and substantially assisted" the primary violator in committing the breach. *Dow Chem. Co.* 970 P.2d at 112.  "The second and third elements should be weighed together, that is, greater evidence supporting the second element requires less evidence of the third element, and vice versa." *Id.*  "To amount to substantial assistance, [the alleged] encouragement must take the form of a direct communication, or conduct in close proximity, to the tortfeasor." *Id.* at 113.

I have already granted summary judgment for the claims on the initial breach: for U.S. Bank on the implied covenant claim and for Copart on the claim it violated NRS §§ 108.270, 108.272, 487.260, and 487.270.  Because no reasonable jury could find that either U.S. Bank or Copart was a primary violator, there is no initial breach for Copart and U.S. Bank respectively to

1 aid and abet.  Therefore, I grant summary judgment to U.S. Bank and Copart on Spicer's aiding

2 and abetting claims.

### K.  U.S. Bank Is Entitled To Summary Judgment On Spicer's Request For Declaratory Relief.

5       Spicer requests declaratory relief and a judicial determination of the rights and

6 responsibilities of himself and U.S. Bank as to the repossession of the car.  U.S. Bank argues that

7 declaratory relief is not a cause of action and the evidence establishes U.S. Bank lawfully

8 repossessed the car.

9       The Declaratory Judgment Act permits a court to declare "the rights and other legal

10 relations of any interested party seeking such declaration" in a case of actual controversy within

11 its jurisdiction. 28 U.S.C. § 2201(a).  Because I have ruled that no reasonable jury could find that

12 U.S. Bank improperly repossessed the car, Spicer is not entitled to a declaration that his rights

13 were violated by the repossession or that he need not pay U.S. Bank under the financing

14 agreement.  I grant summary judgment to U.S. Bank on Spicer's claim for declaratory relief.

### L.  U.S. Bank And Copart Are Entitled To Summary Judgment On Spicer's Request For Punitive Damages.

17       Spicer requests punitive damages against U.S. Bank, alleging that its misconduct was

18 offensive, fraudulent, malicious, oppressive, and in conscious disregard of Spicer's rights.  He

19 seeks punitive damages against Copart due to its alleged civil conspiracy with U.S. Bank.  U.S.

20 Bank argues that punitive damages are not a cause of action.  Copart argues that it did not engage

21 in oppressive, fraudulent, malicious, or despicable conduct to support a punitive damages award.

22       "[P]unitive damages are a remedy, not a cause of action." *Lund v J. C. Penney Outlet,*

23 911 F. Supp. 442, 445 (D. Nev. 1996); *Gryglak v. HSBC Bank USA, N.A.,* No. 2:17-cv-1514-

JCM-NJK, 2018 WL 10456273 at *5-6 (D. Nev. Feb. 23, 2018) (listing cases).  Spicer may obtain punitive damages only as a remedy for a successfully proven cause of action.  Because I have granted summary judgment to U.S. Bank and Copart on all of Spicer's claims, Spicer has no valid basis to recover punitive damages.  Therefore, I grant summary judgment to U.S. Bank and Copart on Spicer's requests for punitive damages.

## III. CONCLUSION

I THEREFORE ORDER that defendant Copart of Arizona dba Copart's motion for summary judgment **(ECF No. 90)** and defendant U.S. Bank's motion for summary judgment **(ECF No. 92) are GRANTED**.

I FURTHER ORDER the clerk of court to enter judgment in favor of the defendants and against the plaintiff, and to close this case.

DATED this 19th day of September, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE