UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARETH SPICER, | Case No.: 2:22-cv-01003-APG-BNW |
| Plaintiff | **Order Granting Motions for Attorney Fees** |
| v. | [ECF Nos. 106, 109] |
| US BANK, SAFECO INSURANCE COMPANY OF AMERICA, COPART OF ARIZONA d/b/a COPART, | |
| Defendants | |

Defendants US Bank and Safeco Insurance Company of America served on plaintiff Gareth Spicer separate offers of judgment under Nevada Rule of Civil Procedure 68. Spicer ignored those offers, thereby rejecting them by silence. Nev. R. Civ. P. 68(e). Both US Bank and Safeco eventually prevailed in this case, meaning Spicer did not obtain a judgment more favorable than the offers. Thus, US Bank and Safeco now move for awards of their attorney fees incurred in this matter. ECF Nos. 106, 109. Spicer has not opposed either motion.

Under Nevada law, a prevailing defendant is entitled to recover attorney fees if an offer of judgment is rejected and the plaintiff does not recover a more favorable judgment. Nev. R. Civ. P. 68(f). That rule also applies in federal diversity cases. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n.31 (1975) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." (quotation omitted)); *see also MRO Commc'ns Inc. v. AT&T Corp.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (same). "Nevada's offer of judgment rule is not counter to any applicable federal statute or rule, and it reflects a substantial policy of Nevada

to encourage settlement and award fees as a result of a rejected offer of judgment." *Amezcua v. Jordan Transp., Inc.*, No. 2:13-cv-01608-APG-CWH, 2017 WL 1293994, at *1 (D. Nev. Mar. 31, 2017).  Because Spicer did not obtain a more favorable judgment than what he would have received if he had accepted the offers, US Bank and Safeco may recover their post-offer attorney fees and costs. Nev. R. Civ. P. 68(f).

> In deciding whether to award fees under Rule 68, I must carefully evaluate the following factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983).  "[N]o one factor under *Beattie* is determinative and [I have] broad discretion to grant the request so long as all appropriate factors are considered." *Yamaha Motor Co., U.S.A. v. Arnoult*, 955 P.2d 661, 673 n.16 (Nev. 1998).

Spicer alleged Safeco violated various provisions of its car insurance policy and Nevada law in how it handled Spicer's claim.  Coverage under the policy was contingent on Spicer cooperating with Safeco's investigation and permitting Safeco to inspect and appraise the vehicle.  But Spicer failed to comply with those obligations despite repeated demands by Safeco to him and his lawyers.  Thus, Spicer had no good-faith basis for his claims against Safeco.

US Bank's motion does not address whether Spicer's claims against it were brought in good faith.  Thus, US Bank has not satisfied this factor.

Nineteen months after Spicer filed this lawsuit, the parties engaged in an unsuccessful mediation.  One week later, Safeco offered to pay Spicer $20,000 to resolve the case.  US Bank sent its $10,000 offer approximately two months after the mediation.  By then, discovery had

commenced, several people (including Spicer) had been deposed, and Spicer had ample opportunity to investigate the merits of his claims. The timing of the offers was thus reasonable, and given that US Bank and Spicer prevailed on their respective motions, the amounts they offered were reasonable. Similarly, Spicer's rejection of the offers was grossly unreasonable, given his meritless claims.

Finally, the fees sought by US Bank and Safeco are reasonable and justified. I have considered the factors in *Brunzell v. Golden Gate Nat'l Bank*, 455 P2d 31, 33 (Nev. 1969).[1] Extensive discovery was conducted, including several depositions; several motions, related to discovery disputes and the merits of the case, were litigated; and additional work was required by Spicer's failure to participate after his counsel withdrew. The qualities of the advocates were appropriate to the tasks. The amounts charged are reasonable in light of how this litigation progressed. And the results speak for themselves.

Safeco also moves for an award of $17,480 for its expert's expenses. ECF No. 109 at 11. Nevada Rule 68(f)(1)(B) allows recovery of all "post-offer costs and expenses." I award Safeco that amount. This award is without prejudice to Safeco recovering additional costs under its pending bill of costs. ECF No. 104.

For all these reasons, US Bank is entitled to an award of its fees in the amount of $108,490, and Safeco is entitled to an award of its fees in the amount of $128,262 and costs in the amount of $17,480.

---

[1] "Nevada law does not require billing records with every attorney fees request. The law only requires the trial court to calculate 'a reasonable fee.'" *O'Connell v. Wynn Las Vegas, LLC*, 429 P.3d 664, 670 (Nev. App. 2018) (citation omitted).

I THEREFORE ORDER that the defendants' motions for attorney fees **(ECF Nos. 106, 109) are GRANTED**. The clerk of court is instructed to enter a second amended judgment as follows:

-in favor of defendant Copart of Arizona dba Copart and against plaintiff Gareth Spicer

-in favor of defendant US Bank and against plaintiff Gareth Spicer in the amount of $108,490 for attorney fees

-in favor of defendant Safeco Insurance Company of America and against plaintiff Gareth in the amount of $128,262 for attorney fees and $17,480 for expert expenses.

DATED this 5th day of January, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE